THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN BESS <br> 4806 Parkmont Lane <br> Upper Marlboro, MD 20772 <br><br> Plaintiff, <br><br> v. <br><br> THE DISTRICT OF COLUMBIA, <br> 1350 Pennsylvania Avenue, NW <br> Washington, DC 20004 <br><br> Defendant. | 1:19-cv-3152 |

## COMPLAINT

LaVern Bess ("Plaintiff" or "Ms. Bess"), by and through her attorneys Clark Law Group, PLLC, files this action, following the exhaustion of administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to the District of Columbia's ("Defendant" or "District") unlawful retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 and the D.C. Human Rights Act.

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The United States District Court for the District of Columbia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. The Court may properly maintain personal jurisdiction over Defendant because Defendant is the government of the District of Columbia.

5. Venue is properly laid in the District of Columbia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII as follows:

    a. On April 29, 2019, Plaintiff filed a charge of retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC");

    b. On July 21, 2019, Plaintiff received her Right to Sue Letter from the EEOC;

    c. The instant action is timely because it was initiated within ninety (90) days of the receipt of the aforementioned Right to Sue Letter.

## PARTIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. Defendant is the governing body of the District of Columbia.

10. District of Columbia Department of Corrections ("DOC") is an executive agency and a department of the Defendant.

11. DOC is a *non sui juris* agency of the District of Columbia government.

12. Defendant is an employer as defined by 42 U.S.C § 2000e.

13. Plaintiff is a resident of Maryland.

14. Plaintiff is an employee as defined by 42 U.S.C § 2000e.

## FACTUAL ALLEGATIONS

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Prior Litigation

16. Ms. Bess was a class member and active participant in *Neal v. Director, D.C. Dept. of Corrections*, No. 93-2420 (D.D.C. Jan. 5, 1994).

17. *Neal* involved claims of systematic sex discrimination within the DOC.

18. During the course of the case, Judge Royce C. Lamberth described the proceedings as "extraordinary" because the defendants "repeatedly committed acts of retaliation while the case was pending." *Neal v. Director, D.C. Dep't of Corrections*, No. 93-2420, 1995 WL 517248, at *2 (D.D.C. Aug. 9, 1995); *see also*, *Bonds v. Dist. of Columbia*, 93 F.3d 801, 804-805 (D.C. Cir. 1996).

19. Following a jury trial in favor of the class, which was then appealed, the *Neal* parties reached a settlement and entered a consent decree.

20. The *Neal* consent decree expired on February 4, 2004 and the Court dismissed the action from the docket on January 24, 2007.

### DOC Continued Pattern of Retaliation

21. Since the expiration of the *Neal* consent decree, Defendant has engaged in a systematic pattern of retaliation.

22. In 2002, corrections officer Ronald DuBerry was subjected to retaliation by the DOC after engaging in protected activity. *DuBerry v. D.C.*, 582 F. Supp. 2d 27, 37 (D.D.C. 2008) (denying summary judgment on retaliation claim).

23. In 2003, Lead Legal Instruments Examiner Edna McManus alleged that she was subjected to retaliation by the DOC after filing an EEOC charge. *McManus v. Williams*, No. CV 05-1621 (EGS), 2005 WL 8167530, at *1 (D.D.C. Dec. 23, 2005).

24. In 2006, corrections officer Charline Smith-Thompson alleged that she was subjected to retaliation by the DOC after complaining of sexual harassment. *Smith-Thompson v. D.C.*, 657 F. Supp. 2d 123, 135 (D.D.C. 2009).

25. In 2014, corrections officer Charnita Thomas was subjected to retaliation by the DOC in the form of threats of violence after submitting an EEOC charge. *Brokenborough v. D.C.*, 236 F. Supp. 3d 41, 59 (D.D.C. 2017) (denying summary judgment on retaliation claim).

26. In 2015, corrections officer Robert Murphy alleged that he was subjected to retaliation by the DOC because his wife had testified in a sexual harassment proceeding. *Murphy v. D.C.*, 390 F. Supp. 3d 59, 69 (D.D.C. 2019).

**Ms. Bess' Reemployment**

27. By 1999, Plaintiff ceased her employment with the District.

28. In 2016, Plaintiff was employed by Correctional Corporation of America as a correctional officer.

29. Pursuant to her employment with Correctional Corporation of America, Plaintiff was placed to work at DOC locations.

30. In or around mid-2016, the District ceased its contract with Correctional Corporation of America and offered direct employment to the company employees providing services at Ms. Bess's work site.

31. The individuals who accepted the offer were Plaintiff, Dana Bushrod, Rochell Vaughan, Mahmoud Abdullah, and Sheila Palmer.

32. Ms. Bess accepted the District's offer of employment on or around November 22, 2016.

33. Before and around the time Plaintiff was hired, Ms. Bess advised Defendant's Human Resources personnel that she was a participant in the *Neal* case.

34. Within two months of beginning employment with the District, Dana Bushrod, Rochell Vaughan, Mahmoud Abdullah, and Sheila Palmer were given the rank of corporal and a pay increase.

35. Plaintiff was not given the rank of corporal or a pay increase despite having similar if not better qualifications than Dana Bushrod, Rochell Vaughan, Mahmoud Abdullah, and Sheila Palmer, none of whom were participants in the *Neal* case.

36. The District offers DOC correctional officers overtime.

37. DOC allows individuals to sign up for overtime opportunities.

38. Overtime assignments are supposed to be allocated based on the order individuals sign up for overtime opportunities.

39. Defendant repeatedly has not assigned Plaintiff overtime throughout 2018 and 2019.

40. Instead, Defendant has assigned overtime to individuals who either signed up for overtime after Plaintiff or who did not sign up for overtime at all.

**After Submitting Her Charge, The Retaliation Worsens**

41. On or around April 29, 2019, Plaintiff filed her EEOC Charge.

42. On information and belief, Defendant received notice of the Charge shortly thereafter.

43. Since filing her EEOC Charge, Ms. Bess has been assigned unfavorable posts.

44. Since filing her EEOC Charge, Ms. Bess has been offered overtime, but in most occasions in posts within the mental health unit where Ms. Bess does not have sufficient training to take the assignment.

45. On or around May 26, 2019, during roll call, Ms. Bess was accused of not answering her supervisor when she had stated her name loudly.

46. On or around May 26, 2019, Lt. Lancaster refused to accept from Ms. Bess a radio and chemical mace that she was required to return before ending her shift.

47. On or around June 9, 2019, Plaintiff was instructed to walk with Lt. Lancaster. Other officers were not asked to walk with her.

48. On or around June 11, 2019, Private Joseph Harris bumped Ms. Bess forcefully and aggressively.

49. Since in or around August 24, 2019, Ms. Bess has not been allowed access to the day shift overtime sign up book.

50. Instead, Ms. Bess was only given access to the night shift overtime sign up book.

51. In or around August 2019, Plaintiff was finally provided the rank of Corporal.

52. However, Plaintiff still receives less salary than Dana Bushrod, Rochell Vaughan, Mahmoud Abdullah, and Sheila Palmer.

53. On or around October 14, 2019, Corporal Brian Wharton refused to supply Ms. Bess with needed batteries for her required flashlight.

54. Plaintiff has repeatedly requested to participate in trainings offered by the DOC.

55. Plaintiff's requests were repeatedly denied.

56. Defendant instead granted the training requests of employees who were not in the *Neal* class or those who did not file EEOC charges.

57. For example, in or around early October 2019, Ms. Bess requested to participate in a four-day contraband search training.

58. Twenty-one individuals were selected for the training. Ms. Bess was not selected.

59. Instead, Defendant offered Ms. Bess a thirty-minute lesson on her day off.

60. Since the filing of her EEOC Charge, Plaintiff has been subjected to increased scrutiny at her work, including being subjected to more unit inspections than her coworkers.

61. Plaintiff repeatedly complained to Defendant about the hostile work environment created by its officers, but Defendant did not take effective action to address the complaints.

## COUNT I: FAILURE TO ASSIGN OVERTIME BECAUSE OF PROTECTED ACTIVITY

62. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

63. Defendant's policy is to assign officers overtime based on the order in which they volunteer.

64. Defendant has repeatedly not assigned Plaintiff overtime and instead assigned overtime to individuals who signed up later or did not sign up at all.

65. Defendant has repeatedly denied Plaintiff overtime because of her participation in the *Neal* case and her EEOC charge.

## COUNT II: SALARY DIFFERENTIAL BECAUSE OF PROTECTED ACTIVITY

66. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

67. Within about two months of hiring Plaintiff and her coworkers from Correctional Corporation of America, Defendant gave Dana Bushrod, Rochell Vaughan, Mahmoud Abdullah, and Sheila Palmer were the rank of corporal and a pay increase.

68. Plaintiff was not given the rank of corporal or a pay increase.

69. Defendant did not give Plaintiff the rank of corporal or increase her pay because of her participation in the *Neal* case.

## COUNT III: RETALIATORY HOSTILE WORK ENVIRONMENT

70. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

71. After filing her EEOC charge, Plaintiff was subjected to a severe or pervasive hostile work environment that would dissuade a reasonable person from bringing an EEOC charge.

72. The hostile work environment included: not being permitted to return equipment, being bumped into by a male officer, not being provided access to the day shift overtime sign up book and being assigned unfavorable posts.

73. Plaintiff repeatedly complained to Defendant about the hostile work environment created by its officers, but Defendant did not take effective action to address the complaints.

74. Defendant has subjected Plaintiff to a hostile work environment because of her participation in the *Neal* case and her EEOC charge.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Ms. Bess and against Defendant;

B. Back pay;

C. Compensatory damages;

D. Attorneys' fees and costs; and

E. Other such relief as may be appropriate to effectuate the purposes of Title VII and the D.C. Human Rights Act.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 21, 2019

                              Respectfully submitted,

                              /s/ Jeremy Greenberg
                              Jeremy Greenberg (1024226)
                              Denise M. Clark (420480)
                              Clark Law Group, PLLC
                              1100 Connecticut Ave, N.W., Suite 920
                              Washington, D.C. 20036
                              (202) 293-0015
                              jgreenberg@benefitcounsel.com
                              dmclark@benefitcounsel.com