UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVERN BESS,<br><br>        Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA,<br><br>        Defendant. | Civil Action No. 19-3152 (JEB) |

### MEMORANDUM OPINION

Plaintiff Lavern Bess, an employee of the District of Columbia Department of Corrections, filed this action against the city alleging that DOC retaliated against her for participating in class-action litigation. Such retaliation included both discrete adverse acts and the creation of a hostile work environment. With discovery underway, Bess now moves for leave to amend her Complaint to add allegations of post-suit retaliatory conduct, a failure-to-accommodate claim under the Rehabilitation Act, and a count alleging that such failure was retaliatory in violation of Title VII and the D.C. Human Rights Act. As the Court finds that Plaintiff may proceed on some but not all of these new claims, it will grant in part and deny in part her Motion.

**I.    Background**

Bess currently works as a correctional officer with the D.C. DOC. See ECF No. 1 (Complaint), ¶¶ 28, 32. Her first employment stint with the District ended in 1999. Id., ¶ 27. During that time, she was "a class member and active participant" in a suit involving "claims of

1

systematic sex discrimination within the DOC." Id., ¶¶ 16–17; see Neal v. Director, D.C. Dep't of Corrs., No. 93-2420, 1995 WL 517248 (D.D.C. Aug. 9, 1995). The parties ultimately settled the suit and entered a consent decree, which expired in 2004. See Compl., ¶ 20.

In 2016, Bess was hired by Correctional Corporation of America and placed at various DOC locations before ultimately accepting an offer of direct employment with the District in November 2016. Id., ¶¶ 28, 30, 32. She claims that DOC "has engaged in a systematic pattern of retaliation" ever since the Neal consent decree expired, and that this conduct continued after she filed an Equal Employment Opportunity Commission complaint on April 29, 2019. Id., ¶¶ 20, 41.

As a result, Bess filed the current action on October 21, 2019, alleging three counts: failure to assign overtime because of protected activity, lower salary because of the same, and retaliatory hostile work environment, all in violation of Title VII and the DCHRA. A scheduling order issued on February 10, 2020, and discovery is set to close on October 9. See ECF No. 12 (Scheduling Order); ECF No. 20 (Consent Motion for Extension of Time) at 5 (granted via Aug. 3, 2020, Minute Order).

On July 7, 2020, Bess filed the instant Motion for Leave to File an Amended Complaint. See ECF No. 16. Based on "facts learned in discovery" and "out of an abundance of caution," id. at 2, she first seeks to add several paragraphs to bolster her hostile-environment count. These offer allegations of post-suit retaliatory conduct, including a letter of reprimand, assignments to "undesirable posts," and Defendant's failure to provide a suitable union representative at her request. See ECF No. 16-3 (Redlined Proposed Amended Complaint), ¶¶ 66–74. Bess, who suffers from diabetes and is thus at greater risk of "severe symptoms and complications [if] infected with the 2019 Novel Coronavirus [(COVID-19)]," also desires to include a failure-to-

accommodate claim under the Rehabilitation Act (Count IV) on the ground that the District has "repeatedly assigned [her] to Medical 82 Unit and Quarantine Units," which house inmates who are suspected positive for COVID-19.  Id., ¶¶ 74–93, 107–14; see also Mot. to Am. at 2.  Relatedly, Plaintiff also proposes a claim alleging that this failure to accommodate was in retaliation for her filing this suit (Count V).  See Red. Prop. Am. Compl., ¶¶ 115–20.  The District opposes all amendments.

## II.    Legal Standard

A plaintiff may amend her complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading.  See Fed. R. Civ. P. 15(a)(1).  Otherwise, she must seek consent from the defendant or leave from the court.  The latter "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Furthermore, under Rule 15, "the non-movant generally carries the burden in persuading the court to deny leave to amend."  Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile.  In other words, if the amendment is facially infirm, courts need not grant leave.  See In re Interbank Funding Corp. Secs. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing

Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

**III.     Analysis**

While defendants may typically point to several factors in opposing a motion to amend a complaint, the District mounts only futility challenges to Plaintiff's Motion. As such, the Court must determine whether the amendments Bess seeks would survive a motion to dismiss. In so doing, it considers in turn the three proposed amendments: (1) additional allegations of post-suit retaliatory conduct; (2) her new claim for failure to accommodate under the Rehabilitation Act (Count IV); and (3) her new cause of action for retaliation based on that failure (Count V).

    A.   Exhaustion of Post-Suit Retaliatory-Conduct Claims

Unlike Bess's other two proposed amendments, the first does not seek to add a new count; instead, it offers only new allegations to support her pre-existing hostile-environment claim. These are that Defendant, since this lawsuit began, has issued Bess an unwarranted "letter of reprimand," "assigned [her] to undesirable posts," and misrepresented an individual as her union representative at a meeting to discuss such assignments. See Red. Prop. Am. Compl., ¶¶ 64–73. The District nonetheless contends that these proposed additions are futile because they are "completely different from the prior EEOC charge she filed," and, as such, she has failed "to exhaust her administrative remedies through the EEOC process before amending her claim." Opp. at 6; see also id. at 1, 7.

Defendant misapprehends the law. As the Supreme Court has explained, "Hostile environment claims are different in kind from discrete acts" because "[t]heir very nature involves

repeated conduct." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002) (citation omitted). The upshot is that the acts forming hostile work environments "cannot be said to occur on any particular day"; rather, they "occur[] over a series of days or perhaps years." Id. As a result, to determine if Bess properly exhausted her claims that Defendant's post-suit retaliatory conduct further contributed to a hostile environment, the Court inquires whether the "scope of the [EEOC] investigation" would have covered such incidents. Whorton v. Wash. Metro. Area Transit Auth., 924 F. Supp. 2d 334, 348 (D.D.C. 2013); see also Morgan, 536 U.S. at 117 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered . . . [for] determining liability."). In other words, are "the exhausted and non-exhausted events . . . 'part of the same unlawful employment practice' for the purposes of exhausting a hostile work environment claim under Morgan"? Dudley v. Wash. Metro. Area Transit Auth., 924 F. Supp. 2d 141, 164–65 (D.D.C. 2013) (citing Morgan, 536 U.S. at 122).

The answer in this case is yes. For one, Bess checked the "continuing action" box on her EEOC Charge, see ECF No. 16-1 (Mot. to Amend, Exh. A), so "the EEOC's investigation, once started, could have reasonably encompassed later events." Whorton, 924 F. Supp. 2d at 348. More fundamentally, the alleged post-lawsuit conduct is plainly still ongoing and similar in kind to the employment actions described in Bess's initial Complaint. Compare Compl., ¶¶ 60, 72 (alleging Plaintiff was "subjected to increased scrutiny" and was "assigned to unfavorable posts") with Red. Prop. Am. Compl., ¶¶ 66–68 (alleging Plaintiff was "issued a letter of reprimand for . . . neglecting her duty" on day she was not working and has been "repeatedly assigned to undesirable posts" since lawsuit).

Unpersuaded by Defendant's exhaustion argument, the Court will allow Plaintiff to amend her Complaint to add the post-suit allegations of retaliatory conduct.

B. Failure to Accommodate

Bess also seeks to add a failure-to-accommodate claim under the Rehabilitation Act. See Red. Prop. Am. Compl., ¶¶ 107–14. Opposing this amendment, Defendant insists that it is "premature." Opp. at 3–6. Specifically, the District maintains that because Bess "disregarded the agency's request for additional information," it was not able to make a final accommodation decision and that, by seeking to amend her Complaint now, she aims to "circumvent the administrative process." Id. at 5–6.

As a reminder, arguing the futility of an amendment is akin to contending that the new complaint would not survive a motion to dismiss. To succeed on this kind of failure-to-accommodate claim, a plaintiff must show that "(1) she was a qualified individual with a disability, (2) the [employer] had notice of her disability[,] and (3) the [employer] denied her request for a reasonable accommodation." Spector v. Dist. of Columbia, No. 17-1884, 2020 WL 977983, at *6 (D.D.C. Feb. 28, 2020) (alterations in original) (quoting Ward. v. McDonald, 762 F.3d 24, 31 (D.C. Cir. 2014)). Bess asserts that her Amended Complaint establishes a *prima facie* case by alleging that: (1) she suffers from diabetes; (2) her supervisors had notice; and (3) "her employer denied her accommodation request" after she asked that she not be assigned to locations "which put her at risk of contracting COVID-19." ECF No. 19 (Reply) at 2; Red. Prop. Am. Compl., ¶¶ 74–76, 78–82, 85–89. Defendant challenges only the third prong: it claims that it has not yet denied the request. See Opp. at 3 ("Bess and her District employing agency . . . have yet to complete the process.").

6

At bottom, the District raises a factual dispute regarding whether Bess's request was granted, refused, or is still pending. As Plaintiff correctly points out, see Reply at 2, however, such disagreements are inapposite at this stage of litigation. See Di Lella v. Univ. of Dist. of Columbia David A. Clarke of School of Law, 570 F. Supp. 2d 1, 8 (D.D.C. 2008) (finding that factual dispute about "whether [defendant] provided [plaintiff] with an effective or reasonable accommodation is not an issue that can properly be determined" at motion-to-dismiss stage). Indeed, the Court at this point must "treat the [plaintiff's] factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citations and internal quotation marks omitted). Here, Bess alleges that her supervisors have refused to implement her request and have continued to "assign her to work" in locations that house inmates with suspected COVID-19 infections. See Red. Prop. Am. Compl., ¶¶ 82, 87–88. That is, she alleges that "Defendant has not accommodated [her] diabetes." Id., ¶ 89. That is enough at this stage.

Nor is the Court persuaded by the District's reliance on Pauling v. Dist. of Columbia, 286 F. Supp. 3d 179 (D.D.C. 2017), which found that, despite a delay in providing plaintiff's accommodation, the defendant neither acted in bad faith nor failed to engage in the "interactive process." Id. at 212; see also Opp. at 5–6. For starters, the plaintiff in Pauling "d[id] not dispute that she eventually received her requested accommodations," which stands in stark contrast to Bess's allegations. Pauling, 286 F. Supp. 3d at 211. And while the decision in Pauling noted that "courts are instructed to scour the record" for signs of either party's bad faith or lack of effort in the accommodation process, it did so in the context of a summary-judgment motion. Id. (citations omitted). Conversely, Bess's alleged hindrance of this "interactive process," Opp. at 5, does not appear anywhere in her pleading and thus is not relevant to the inquiry at this stage.

Because adding Count IV would not be futile, the Court will grant Bess's Motion with respect to the failure-to-accommodate claim.

### C. Retaliatory Failure to Accommodate

Finally, Plaintiff moves to add an additional count (Count V) alleging that the District's failure to accommodate also violated Title VII and the DCHRA because it was in retaliation for her filing this suit. See Red. Prop. Am. Compl., ¶¶ 115–20. The District similarly challenges this amendment by pointing to Bess's failure to exhaust administrative remedies, explaining that the denial of accommodation "does not stem from the same set of facts and circumstances as those raised in [Bess's] original EEOC charges," but rather is "based on new protected activity and new allegations of retaliatory acts." Opp. at 7.

A more fundamental issue, however, renders this amendment futile. Namely, Plaintiff's proposed Count V is duplicative of Count IV — the addition of which, as just noted, the Court will permit. Since Bess has established a *prima facie* case of failure to accommodate under the Rehabilitation Act, the issue for trial is whether the District was or was not required to accommodate her. The motive behind this failure — *i.e.*, that it was allegedly retaliatory — is not relevant. See Stewart v. White, 61 F. Supp. 3d 118, 134 (D.D.C. 2014) (noting that plaintiff need not show employer acted with discriminatory intent in Rehabilitation Act failure-to-accommodate claim because that failure "is itself discriminatory") (quoting Floyd v. Lee, 968 F. Supp. 2d 308, 316 (D.D.C. 2013)). In addition, Plaintiff cannot prevail on this count without first succeeding on the underlying failure-to-accommodate claim in Count IV. As a result, the outcome on Count IV automatically dictates the result on Count V, thereby rendering it superfluous. Indeed, the available remedy would be the same regardless of Defendant's motive.

Because the proposed Count V is duplicative, the Court finds this amendment futile and will not grant Plaintiff leave to add it. See City of Moundridge v. Exxon Mobil Corp., 250 F.R.D. 1, 7 n.7 (D.D.C. 2008) ("[O]ffering a duplicative amendment can be grounds for denying leave to amend.").

**IV.     Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting Plaintiff's Motion in part and denying it in part as to proposed Count V.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  August 6, 2020